BERTHA SCHRAER, PETITIONER-APPELLEE, v.
SOUTHERN TRUCKING CO., RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 9, 1971—Decided December 17, 1971.

Before Judges KILKENNY, LABRECQUE and LANE.

*Mr. Thomas J. Osborne, Jr.* argued the cause for respondent-appellant (*Messrs. Vaccaro & Osborne,* attorneys).

*Mr. Robert J. Inglima* argued the cause for petitioner-appellee.

PER CURIAM. Respondent Southern Trucking Co. appeals from a judgment finding it liable for payment of compensation to petitioner Bertha Schraer for the work-connected death of her husband Walter Schraer on January 18, 1965.

Respondent raises two points:

1. In evaluating the testimony on the issue of whether or not decedent's coronary occlusion was causally related to, or contributed to in a material degree, beyond *de minimis,* by his employment activity, the County Court failed to give sufficient weight to the opportunity of the Judge of Compensation to judge the credibility of the witnesses, disregarded impeaching evidence, and its conclusion is based upon insufficient credible evidence.

2. The allowance of counsel fees by the County Court is excessive and does not bear a reasonable relationship to the work involved or the award entered, fails to consider fee allowed in the Division and, therefore, represents an abuse of discretion.

█ [The court concluded that the County Court's determination that decedent's death was work-connected and compensable was supported by substantial credible evidence present in the whole of the record.]

█ We are, however, convinced that respondent's second point is meritorious. The award in favor of petitioner amounted to $14,400 and provided for a counsel fee to petitioner's counsel of $2,750, $1,500 payable by respondent and $1,250 by petitioner, for his services in the Division. For his services in the County Court counsel requested $6,500 and was awarded $4,000, $3,000 by respondent and $1,000 by petitioner. We are satisfied, from our consideration of the record and the affidavit of services filed, that

the allowance of $4,000 for his services in the County Court amounted to a mistaken exercise of the judge's discretion. We have concluded that a fee of $2,000, payable $1,500 by respondent and $500 by petitioner, together with costs, would adequately compensate counsel for his services in the County Court, and we direct that the order for counsel fees be modified accordingly.

The judgment appealed from is modified and, as modified, is affirmed.